IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        v.

THOMAS HEBERLE,

        Defendant.

_____

11-CR- 6004

## PLEA AGREEMENT

The defendant, THOMAS HEBERLE, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.  THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a one count Information charging a violation of Title 18, United States Code, Section 1001(a)(3) (false statement in document), for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of up to $250,000, a mandatory $100 special assessment and a term of supervised release of up to 3 years.   The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for time previously served on supervised release.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3.    The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

        a.    The defendant used a false document;

        b.    The defendant knew the document contained a false statement;

        c.    The statement was material;

        d.    The defendant used the document knowingly and willfully; and

2

e.   Fifth, the document was used in a matter within
     the jurisdiction of the executive branch of the
     government of the United States.

## FACTUAL BASIS

4.   The defendant and the government agree to the following
facts, which form the basis for the entry of the plea of guilty
including relevant conduct:

a.   Heberle   Disposal   Services   Inc.   operates   a
     residential and commercial waste disposal business
     whose principal place of business is in Rochester,
     within the Western District of New York.

b.   In July of 2008, the United States Occupational Safety
     and Health Administration (OSHA), an agency within the
     Executive Branch of government, conducted a workplace
     safety   inspection   at   Heberle   Disposal's   Rochester
     facility. During this inspection, OSHA identified certain
     workplace hazards that needed to be abated, including
     indoor spray painting of dumpsters. Heberle Disposal was
     ordered to abate the hazards and was required to file a
     Certificate of Abatement documenting the corrections.

c.   On August 25, 2008, Thomas Heberle, Jr, President of
     Heberle Disposal Services, provided OSHA with a signed
     Certification of Abatement in which he certified that
     Heberle Disposal Services corrected several work place
     hazards – including stopping any indoor spray painting.

d.   Despite this filing, Heberle Disposal did not stop indoor
     spray painting. In fact, several weeks after Thomas
     Heberle filed the Certification of Abatement in which he
     certified that indoor spray painting had stopped, a
     Heberle employee was injured on the job while spray
     painting indoors. It is believed that an errant spark or
     a buildup of static electricity ignited the fumes which
     accumulated in the indoor paint area, causing a minor
     explosion. The employee was knocked to the floor and
     received medical treatment as a result of this incident.

3

e.  Thomas Heberle knew that Heberle Disposal Services had not stopped spray painting indoors when he filed the false Certification of Abatement with OSHA.

f.  The above facts are set forth for the limited purpose of complying with Rule 11(b)(3) and are not intended to serve as a complete statement of the defendant's criminal conduct.

### III.  SENTENCING GUIDELINES

5.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6.  The government and the defendant agree that Guidelines § 2B1.1(a)(2) applies to the offense of conviction and provides for a base offense level of 6.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 3 ADJUSTMENTS

7.  The government maintains that the following specific offense characteristics does apply:

a.  The two (2) level increase pursuant to §3B1.3 (Abuse of position of trust).

The defendant specifically reserves the right to argue at sentencing that this offense characteristic does not apply.

4

### ADJUSTED OFFENSE LEVEL

8.    Based on the foregoing, it is the understanding of the government and the defendant that the **adjusted offense level for the offense of conviction** (if Guidelines §3B1.3 applies) **is 8**.

### ACCEPTANCE OF RESPONSIBILITY

9.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two **(2) level downward** adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a **total offense level of 6** (if Guidelines §3B1.3 applies).

### CRIMINAL HISTORY CATEGORY

10.    It is the understanding of the government and the defendant that the defendant's criminal history category is I.   The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.   The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

5

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that if Guidelines §3B1.3 applies, with a total offense level of 6 and criminal history category of I, **the defendant's sentencing range would be a term of imprisonment of 0 to 6 months, a fine of $500 to $5,000, and a period of supervised release of 2 to 3 years**.

If Guidelines §3B1.3 does not apply, with a total offense level of 4 and criminal history category of I, the defendant's sentencing range would be a **term of imprisonment of 0 to 6 months, a fine of $500 to $5,000, and a period of supervised release of 2 to 3 years**.

Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

12. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or

6

recommend a sentence outside the Guidelines, except as specifically set forth in this agreement.  A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.  A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13.  The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.  **STATUTE OF LIMITATIONS**

14.  In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to false statements which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of

7

six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   GOVERNMENT RIGHTS AND RESERVATIONS

15.   The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

c.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

16.   The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

8

## VI.  **APPEAL RIGHTS**

17.   The defendant understands that Title 18, United States
Code, Section 3742 affords a defendant a limited right to appeal
the sentence imposed.  The defendant, however, knowingly waives the
right to appeal and collaterally attack any component of a sentence
imposed by the Court which falls within or is less than the
sentencing range for imprisonment advocated by the defendant, a
fine and supervised release set forth in Section III, paragraph 11,
above, notwithstanding the manner in which the Court determines the
sentence.  In the event of an appeal of the defendant's sentence by
the government, the defendant reserves the right to argue the
correctness of the defendant's sentence.

18.   The defendant understands that by agreeing to not
collaterally attack the sentence, the defendant is waiving the
right to challenge the sentence in the event that in the future the
defendant becomes aware of previously unknown facts or a change in
the law which the defendant believes would justify a decrease in
the defendant's sentence.

19.   The government waives its right to appeal any component
of a sentence imposed by the Court which falls within or is greater
than the sentencing range for imprisonment advocated by the

9

government, a fine and supervised release set forth in Section III, paragraph 11, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. TOTAL AGREEMENT AND AFFIRMATIONS

This plea agreement represents the total agreement between the defendant, **THOMAS HEBERLE**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, Jr.
United States Attorney
Western District of New York

BY: _____

CRAIG R. GESTRING
Assistant United States Attorney
United States Attorney's Office
Western District of New York
100 State Street, Room 620
Rochester, New York 14614

Dated: JANUARY 21, 2011

10

I have read this agreement, which consists of 11 pages. I have had a full opportunity to discuss this agreement with my attorney, THOMAS DeSIMON, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
THOMAS HEBERLE
Defendant

Dated: JANUARY 20, 2011

_____
THOMAS DeSIMON, ESQ.
Attorney for the Defendant

Dated: JANUARY 20, 2011

11